## EZEKIEL STONE *versus* ERASTUS CROCKER.

W., being the owner of a farm, conveyed it to the defendant, and took back from him a lease thereof, and a bond for a reconveyance upon certain conditions. Afterwards, W. having informed the defendant that he thought he could sell a portion of the farm to the plaintiff, the defendant told him that he might do so, and that the plaintiff might pay a part of the purchase money to W. for W.'s own use. W. thereupon agreed with the plaintiff to sell him a portion of the farm on these terms, and the plaintiff paid him the money, and, with the knowledge of the defendant, entered thereon and made improvements, but the defendant subsequently refused to convey it to him. It was *held,* that the plaintiff could maintain no action against the defendant for the money paid to W. ; nor for the value of the improvements, the right of possession being in W. at the time when they were made.

ASSUMPSIT. By an agreed statement of facts it appeared, that Horace Williams, being the owner of a farm, which he had mortgaged to the Massachusetts Hospital Life Insurance Company for the sum of $ 300, conveyed the same, in March 1833, by deed of release, to the defendant, it being agreed, that the defendant should pay the sum of $ 300 to the mortgagees, and took back from him a lease of the farm for six years and also a bond conditioned, among other things, for a reconveyance upon the payment of the amount due to the defendant, at the expiration of that time ; that the deed of release was recorded, but the bond was not ; and that Williams never redeemed.

It also appeared, that after the conveyance to the defendant, Williams informed him that he thought he could sell a portion of the land to the plaintiff, and the defendant told him, that he might do so, and that the plaintiff might pay the sum of $ 50 to Williams to his own use, as a part of the consideration, and the the defendant would receive the plaintiff's note for the residue, out that Williams, if he received the $ 50, must pay the interest for that year on the amount due to the insurance company ;

that subsequently Williams agreed, by parol, with the plaintiff, to sell him a part of the land upon those terms ; that the plaintiff, in pursuance of such agreement, paid the sum of $ 50 to Williams ; and that, after this, Williams told the defendant that he had sold the land, and that the plaintiff had paid him the sum of $ 50, and the defendant promised to meet them, and have the deeds made out.

It further appeared, that after the parol agreement for the sale of the land had been made, the plaintiff entered upon the premises, and, while so in possession, cut fifty rods of ditch, worth fifty cents a rod ; that these facts were known to the defendant ; but that, subsequently, the defendant refused to execute any deed of the land, although the plaintiff tendered him the purchase money, the defendant saying that Williams had not paid the interest as he had agreed to do : that Williams had always been ready to give any deed that was necessary on his part ; and that on the 30th of November, 1835, the defendant conveyed the farm, including the piece of land sold to the plaintiff, by a deed of release, to Andrew Fenary.

The farm, when mortgaged and when conveyed to the defendant, was worth more than the amount of all the incumbrances.    No possession had been taken by any one, under the mortgage, for foreclosure.

If the plaintiff was entitled to recover, judgment was to be rendered in his favor for such damages as should be assessed by the Court ; otherwise, it was to be rendered for the defendant.

*Byington*, for the plaintiff, to the point, that although the plaintiff could not enforce the execution of the verbal contract on the part of the defendant, he could recover what he had actually expended in part-performance thereof, cited *Kidder v. Hunt*, 1 Pick. 328 ; and to the point, that as the defendant knew the plaintiff was making improvements on land which he had agreed to sell to him, a promise to pay therefor would be implied, upon his refusal to convey, *Farmington Academy v. Allen*, 14 Mass. R. 172 ; *James v. Bixby*, 11 Mass. R. 37.

*Bishop*, for the defendant, cited *Matson v. Wharam*, 2 T. R. 80.

WILDE J. delivered the opinion of the Court.  Upon the

25*

Stone
*v.*
Crocker.

See. 204

Sept. 22a

facts agreed, the plaintiff claims to recover of the defendant a certain sum of money by him paid to one Williams, on a parol agreement for the sale of land, and for his labor on the land after the agreement. But as the money was paid at the request of Williams, and to his use, the plaintiff's remedy is against him, and not against the defendant. The contract was made by Williams, and he might have fulfilled it, if he had redeemed the land of the defendant, as he had a right to do. The defendant's consent to this contract is not binding on him, nor can he be liable to repay the money paid to the use of Williams. Williams being liable, any promise by the defendant to pay would be collateral and not binding on him. No such promise however can be implied from the facts agreed.

In regard to the labor, as that was done with the knowledge of the defendant, he might be liable if he had any right of possession at the time when the labor was performed. But the right of possession was in Williams, and he alone, if any one, is liable for this part of the plaintiff's claim.

*Judgment for the defendant.*